MASTROIANNI, APPELLANT, *v.* BOARD OF LIQUOR CONTROL OF THE STATE OF OHIO ET AL., APPELLEES.

(No. 5141—Decided November 4, 1954.)

*Mr. Charles T. Kaps* and *Mr. Paul F. Ward,* for appellant.

*Mr. C. William O'Neill,* attorney general, and *Mr. Kiehner Johnson,* for appellees.

MONTGOMERY, P. J. The appellant, operating under a D-5 permit issued by the state of Ohio, Board of Liquor Control, in the village of Waynesburg, Stark County, Ohio, on October 2, 1952, filed an application with the department for permission to transfer the permit to a location in Stark County on route 30 east

of the city of Canton, and in an unincorporated territory in that county. In connection with his application he submitted plans and specifications to the department of the premises to which he sought to have the permit transferred.

On November 6, 1952, he was advised by the Chief of the Permit Division of the Board of Liquor Control that there seemed to be no reason why this transfer should not be allowed, but was directed that the building be constructed in accordance with the plans submitted and that he comply with the sanitary regulations of the department.

Thereupon, the appellant proceeded with the construction of his building, which it seems to be conceded is in every respect in conformity with the original plans submitted and with the requirements of the department as to sanitation. In such construction he expended or incurred obligations in the amount of $54,000, and the views of the interior and exterior of the building submitted as exhibits show a building very attractive and desirable for the intended purpose.

However, on December 4, 1953, after the appellant had refiled his application, the department refused to transfer the permit to the new location and rejected the application.

On appeal to the Court of Common Pleas the ruling of the board was sustained. The trial court in its opinion stated:

"The case before the court is indeed a hard case, and great hardship will likely fall upon the appellant if he is unable to obtain transfer of his permit."

In that statement the members of this court concur. But the trial court held that it did not have authority to interfere with the ruling of the board. With that conclusion the members of this court do not agree.

The basis of the rejection of the application for

transfer was that on the so-called "freezing" date of permits in the state of Ohio, April 11, 1949, the number of outstanding Class D-5 permits for the unincorporated area of Stark County was 22, and that if this application for transfer were allowed it would make 23 outstanding Class D-5 permits in this unincorporated area, which would be one more than the quota fixed. Obviously, it would not, and it is not claimed that it would, increase the quota for Stark County, or that any unfair result would follow affecting any portion of the territory in Stark County.

Here is the situation: Where a permit holder, relying upon information from the department, expended or obligated himself to expend $54,000, and complied with all the requirements of the department, should he then be refused the transfer which he had been led to believe he could have?

We base our conclusion in this particular case upon the first and last paragraphs of Section 119.11, Revised Code, which paragraphs are:

"Any person adversely affected by an order of an agency in adopting, amending, or rescinding a rule may appeal to the Court of Common Pleas of Franklin County on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said rule, or that the rule as adopted or amended by the agency is unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful."

"Any order of the court in reviewing on appeal an order of any agency in adopting, amending, or rescinding a rule shall be final unless an appeal is taken therefrom, but no person affected thereby shall be precluded from attacking at any time the reasonableness or legality of any rule in its application to a particular set of facts or circumstances."

Let it be understood that we are not passing upon the applicability in this case of the doctrine of estoppel. We are not passing upon the proper definition of a "subdivision" or "political subdivision." We are not passing upon which construction of regulation 64 of the department, as to which it has made different interpretations, is correct. We see no need for passing upon these questions because this exact situation is not likely to happen again, in view of the record in this case. We are simply applying Section 119.11, Revised Code, to the facts in the instant case. It would be rather difficult to find any other instance where this statute would be more applicable.

The judgment of the Court of Common Pleas is reversed, and the issuance of transfer of permit is ordered.

*Judgment accordingly.*

NICHOLS and GRIFFITH, JJ., concur.

(MONTGOMERY, J., of the Fifth Appellate District, and NICHOLS and GRIFFITH, JJ., of the Seventh Appellate District, sitting by designation in the Second Appellate District.)